**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TEACHING TIME ACADEMY,**
**INC.,**

    **Plaintiff,**

**v.**                                          **Case No: 6:24-cv-2344-PGB-RMN**

**AMGUARD INSURANCE**
**COMPANY,**

    **Defendant.**
                                        /

## ORDER

This cause is before the Court upon Defendant Amguard Insurance Company's (the "**Defendant**") Second Motion for Summary Judgment.[1] (Doc. 44 (the "**Motion**")). Plaintiff Teaching Time Academy, Inc. (the "**Plaintiff**") filed a response in opposition. (Doc. 48 (the "**Response**")). Defendant did not file a reply. The parties also filed a Stipulation of Agreed Material Facts. (Doc. 37 (the "**Stipulation**")). Upon consideration, the Court determines that the Motion is moot.

**I.     BACKGROUND**

This diversity action arises out of an insurance coverage dispute. (*See generally* Doc. 1-1 (the "**Complaint**")). Plaintiff is a property owner insured by

---

[1]   The Court struck the First Motion for Summary Judgment for failing to comply with the Court's Case Management and Scheduling Order and permitted Defendant to file an amended motion. (Doc. 29).

Defendant. (Doc. 1-1, ¶¶ 3–4). Defendant "issued to Plaintiff a business owner's property insurance policy covering the property located at 820 Emmett Street, Kissimmee, Florida 34741, on a replacement cost basis." (Doc. 37, ¶ 1). Following a storm, "the property suffered wind and water loss-related damages" and "a covered loss occurred[.]" (*Id.* ¶¶ 2–3). Accordingly, "the Loss Payment provision" of the parties' contract applies. (*Id.* ¶ 8). The provision provides that:

> In the event of loss or damage covered by this policy:
> **d**. Except as provided in Paragraphs (2) through (7) below, we will determine the value of the Covered Property as follows:
>
>> **(1)** At replacement cost without deduction for depreciation, subject to the following:
>>
>>> **(d)** We will not pay on a replacement cost basis for any loss or damage:
>>>
>>>> **(i)** Until the lost or damaged property is actually repaired or replaced; and
>>>>
>>>> **(ii)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage

(*Id.*).

However, in a status report, the parties jointly informed the Court that they "agree[] to limit the claim to [Actual Cash Value ("**ACV**")]."[2] (Doc. 60, p. 5). In fact, the parties make clear that "the only issue of fact remaining is the extent of damage to the roof and the ACV amount necessary to repair or replace the roof." (*Id*.). Accordingly, the matter is now ripe for the Court's review.

## II.    LEGAL STANDARD

A court may only "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. FED. R. CIV. P. 56(c)(1)(A). "The burden then shifts to the non-moving party, who must go beyond the pleadings, and present affirmative evidence to show that a genuine issue of

---

[2]    Actual Cash Value ("**ACV**") is a method of determining the cost basis for loss in an insurance contract. Under Florida law, it is "determined by three factors at the time of the loss: market value, age, and condition." *Pieczonka v. Progressive Select Ins. Co.*, 840 F. App'x 856, 857 (6th Cir. 2021) (examining Florida law definition of ACV); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). "ACV is calculated by deducting depreciation from the total replacement cost." *Miller v. Liberty Mut. Fire Ins. Co.*, No. 6:25-CV-502-JA-NWH, 2026 WL 772929, at *2 (M.D. Fla. Mar. 19, 2026). In contrast, Replacement Cost Value ("**RCV**") "'provides protection to the extent of the full cost of repair or replacement without deduction for depreciation' [and] thus if an insured actually replaces or repairs the damaged property, she is 'entitled to the full cost of that repair or replacement.'" *RR Restoration, LLC v. Empire Indem. Ins. Co.*, No. 2:21-CV-866-JLB-NPM, 2023 WL 4763976, at *2 (M.D. Fla. July 26, 2023) (quoting Johnny Parker, *Replacement Cost Coverage: A Legal Primer*, 34 WAKE FOREST L. REV. 295, 297–99 (1999)).

material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). "The court need consider only the cited materials" when resolving a motion for summary judgment. FED. R. CIV. P. 56(c)(3); *see also HRCC, LTD v. Hard Rock Café Int'l (USA), Inc.*, 703 F. App'x 814, 816–17 (11th Cir. 2017) (per curiam) (holding that a district court does not err by limiting its review to the evidence cited by the parties in their summary judgment briefs and the arguments raised therein).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine dispute of material fact exists, the Court must read the evidence and draw all factual inferences therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). But, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (citations omitted)).

## III.   DISCUSSION

In the Motion, Defendant articulates two arguments: 1) that "Plaintiff failed to comply with a condition precedent to replacement cost coverage when it did not repair or replace damaged property before filing suit"; and 2) that "Plaintiff did not repair the property as soon as reasonably possible" as is required for RCV. (Doc. 44, pp. 4, 11). However, the parties have "agreed to limit the claim to ACV." (Doc. 60, p. 5). Considering that all of Defendant's arguments are intended to foreclose RCV damages, and that the parties have subsequently agreed to limit the claims to ACV, the Court prompted the parties to file a join status report in order to clarify "whether an amended motion for summary judgment is required, . . . how the relief requested by the Motion has changed, and whether a new joint stipulation of agreed material facts is required." (Doc. 58). Ultimately, the parties responded to the Court's inquiry by stating that no amended motion for summary judgment was required, that the Court should simply disregard the request for summary judgment on RCV,[3] and that no new joint stipulation of agreed material facts was necessary. (Doc. 59).

---

[3] The only change to the Motion that the parties requested was to the final paragraph in the Motion. (Doc. 59). According to the joint status report, the final paragraph of the Motion should read as the following:

> WHEREFORE, AmGuard seeks an Order granting summary judgment in its favor, ~~precluding Plaintiff from recovering replacement cost damages~~, together with any other and further relief that this Honorable Court deems appropriate under the circumstances.

(Doc. 59, p. 2).

Ultimately, the Stipulation contains no facts related to ACV. (Doc. 37). Moreover, the Motion makes no argument as to ACV. (Doc. 44). Accordingly, the Court cannot grant summary judgment as to ACV.

## IV. CONCLUSION

Thus, Defendants' Second Motion for Summary Judgment (Doc. 44) is **FOUND AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on July 7, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties